IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| FIFTH THIRD BANK, an Ohio Banking Corporation, | CV 18–05–M–DWM |
| Plaintiff, | ORDER |
| vs. | |
| ROHIT PATEL, an individual, | |
| Defendant. | |

A Complaint having been filed in this case, and pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and L.R. 1.4, 16.1, 16.2 and 26.1,

**IT IS ORDERED:**

1.  Pursuant to Fed. R. Civ. P. 16(b) and (c), lead trial counsel for the respective parties shall appear in the Chambers of United States District Judge Donald W. Molloy on **May 2, 2018, at 1:30 p.m.**, in the **Russell Smith Courthouse, Missoula**, **Montana**, for the purpose of participating in the preliminary pretrial conference.  The conference is intended to develop a case-specific plan for discovery and a schedule for disposition of the case. Counsel should prepare to take part in meaningful discussions of material contained in the preliminary pretrial statements.  The case management plan resulting from the preliminary pretrial conference is not subject to revision absent compelling reasons.

2.   Each party to the case must be represented at the preliminary pretrial conference by at least one person with authority to enter stipulations.  The Court intends to implement Rule 1 and Rule 16 of the Federal Rules of Civil Procedure to the fullest extent possible.  Pursuant to Rule 1, the lawyers and the parties are responsible for securing the "just, speedy, and inexpensive determination" of this proceeding.

3.   If it is impossible for lead trial counsel to attend the preliminary pretrial conference at the above time, application for an extension of time must be made by motion to the Court no less than fourteen (14) days before the conference.  The motion must certify that opposing counsel has been contacted concerning the extension and state whether opposing counsel objects.  Requests to change the preliminary pretrial conference date will not be granted absent a demonstrated showing of good cause.  Lead counsel are expected to appear in person.

4.   <u>RESPONSIBILITY OF PLAINTIFF'S COUNSEL</u>.  This Order is issued at the outset of the case, and a copy is delivered by the Clerk of Court to counsel for Plaintiff.  **Plaintiff's counsel (or Plaintiff if self-represented) is directed to deliver a copy of this Order to each other party within ten (10) days after receiving notice of that party's appearance.  Plaintiff's case may be dismissed without prejudice if Plaintiff fails to inform opposing counsel of the pretrial conference.**

5.   On or before **April 2, 2018**, lead counsel for the respective parties shall confer to consider the matters listed in Fed. R. Civ. P. 26(f).  On or before **April 25, 2018**, the parties shall file a written report outlining the joint discovery plan formulated at the conference.

Pursuant to Fed. R. Civ. P. 26(f), the parties should design the joint discovery plan to require simultaneous disclosure of all liability experts.  Plaintiff's damages experts shall be disclosed on the same day.  Defendant's damages experts shall be disclosed thirty days thereafter.  Expert disclosures must comply with Fed. R. Civ. P. 26(a)(2) on or before the deadline for disclosure.  Discovery shall close thirty (30) to sixty (60) days after the deadline for disclosure of Defendant's damages experts.  The parties should propose a date certain for the close of discovery.  Other dates, including a motions deadline and a trial date, will be set at the preliminary pretrial conference.

The parties should also bear in mind that, as the case develops, they may agree among themselves to extend discovery. Fed. R. Civ. P. 29. However, the discovery deadline set by the Court will not be continued, nor will the Court entertain discovery motions based on post-deadline occurrences.

At the Rule 26(f) conference, the parties should discuss the amount of discovery reasonably needed to resolve the litigation, Fed. R. Civ. P. 26(b)(1), and the preservation of electronically stored information, Fed. R. Civ. P. 37(e).

6.   On or before **April 25, 2018,** counsel for the respective parties shall each file a preliminary pretrial statement. *See* Fed. R. Civ. P. 16(c)(2); Fed. R. Civ. P. 26(a)(1). The statement shall address all matters listed in L.R. 16.2(b)(1). The parties are reminded that the statement must include a computation of damages. Fed. R. Civ. P. 26(a)(1)(A)(iii); L.R. 16.2(b)(1)(E).

7.   On or before **April 25, 2018**, Plaintiff shall separately file a Statement of Stipulated Facts to which all parties agree. *See* L.R. 16.2(b)(3).

8.   Pursuant to Rule 26(d), a party may commence discovery immediately upon providing its Rule 26(a)(1) Initial Disclosure to opposing parties. Early Rule 34 requests are governed by Rule 26(d)(2).

9.   The parties are reminded to review and follow the Federal Rules of Civil Procedure concerning Pleadings, Counterclaims and Crossclaims, and Third-Party Practice.

10.   Registration in and use of the Court's electronic filing system is mandatory for all attorneys. L.R. 1.4(c) and (e). Self-represented litigants should refer to L.R. 1.4(d) and 83.8(c) and (d) for further information about filing requirements.

11.   COUNSEL ARE ADVISED THAT INCOMPLETE OR INADEQUATE INFORMATION ON THE PRELIMINARY PRETRIAL STATEMENT WILL BE DEEMED AN ADMISSION BY COUNSEL THAT THE MATTER IS NON-COMPLEX AND MAY RESULT IN THE CASE BEING SET ON AN EXPEDITED TRIAL DOCKET.

Dated this 27th day of March, 2018.

Donald W. Molloy, District Judge
United States District Court